FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
4:24 pm, Jun 01 2021
CLERK'S OFFICE
AT BALTIMORE
BY KN, DEPUTY CLERK

KOG:USAO#2020R00540

HEE 5/27/21

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. CCB 21-cr-195 |
| **EDITH NGANG,** | | (Conspiracy, 18 U.S.C. § 371; Unlawful Export of Defense Articles, 22 U.S.C. |
| | : | § 2778(b); Forfeiture, 18 U.S.C. § 924(d); |
| Defendant. | | § 981(a)(1); 21 U.S.C. § 853; 22 U.S.C. |
| | : | § 401; 28 U.S.C. § 2461(c)) |

...oooOooo...

## INFORMATION

The United States Attorney for the District of Maryland charges:

### COUNT ONE

(Conspiracy)

1.  Beginning in or before November, 2017, and continuing until at least July 19, 2019, in the District of Maryland and elsewhere, the defendant

**EDITH NGANG**

did knowingly and willfully combine, conspire, confederate, and agree with others, known and unknown to the United States Attorney for the District of Maryland, to commit certain offenses against the United States, that is:

a.  to knowingly and willfully export and attempt to export from the United States to Nigeria ammunition, firearms, and various other items, which were defense articles listed on the

1

United States Munitions List, without first obtaining the required license or written approval from the State Department, in violation of 22 U.S.C. § 2778(b)(the Arms Export Control Act ("AECA"));

  b.  to knowingly and willfully export and attempt to export ammunition, firearms and various other items from the United States to Nigeria, in violation of 50 U.S.C. §§ 4801 *et seq.* (the Export Control Reform Act of 2018 ("ECRA");

  c.   to knowingly and willfully export and attempt to export ammunition, firearms and various other items from the United States, in violation of 50 U.S.C. §§ 1701-1707 (the International Emergency Powers Act ("IEEPA"));

  d.  to fraudulently and knowingly export or send from the United States, or attempt to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States,, in violation of 18 U.S.C. § 554 (smuggling);

  e.  to knowingly file and cause the filing of false electronic export information, in violation of 13 U.S.C. § 305;

  f.  to engage in the business of importing, manufacturing and dealing in firearms without a license and in the course of such business ship, transport and receive firearms in interstate and foreign commerce, in violation of 18 U.S.C. §922(a)(1);

  f.  to deliver to a common carrier for transport in foreign commerce items that contained firearms and ammunition without providing written notice to the carrier, in violation of 18 U.S.C. §922(e), and

  g.  to transport and cause to be transported in foreign commerce firearms with obliterated serial numbers, in violation of 18 U.S.C. §922(k).

### Object of the Conspiracy

  2.  It was the object of the conspiracy that **NGANG** and her co-conspirators would obtain defense articles, such as firearms and ammunition, and other items with military applications, such as desert boots and water packs, in the United States, conceal them in overseas shipping containers in order to secretly export the items to Nigeria without obtaining a license or disclosing the true contents of the shipments to the overseas carrier or to United States government authorities, and to evade or violate the regulations, prohibitions, and licensing requirements of the AECA, ECRA, and IEEPA.

### Overt Acts

  3.  In furtherance of the conspiracy and to affect the objects thereof, at least one of the co-conspirators committed and caused to be committed, in the District of Maryland and elsewhere, at least one of the following overt acts:

  a.  On or about October 6, 2018, **NGANG** reloaded ammunition in the basement of a residence in Maryland.

  b.  On or about on December 15, 2018, **NGANG** sent a message via What's App, an on-line messaging application, to Co-conspirator #1 regarding the title for a 1989 Toyota truck ("the 1989 Toyota truck") that she owned and had agreed would be used to conceal firearms, ammunition and other items in an overseas shipping container destined for Nigeria, stating "I wanted to say that the title of the truck needs to be changed out of my name before we can ship it. I have it here. Who will I transfer it to and how fast will a new one come?"

c.      On or about December 17, 2018, **NGANG** sent a series of coded messages via What's App to Co-conspirator #1 requesting that Co-conspirator #1 pick up ammunition from a residence in Maryland. Those messages read as follows: "if you are coming back thru this route, you can pick up corn and ground;" "I left your corn with [Person #1] at home;" and "Sorry I missed your call. Call [Person #1] … if you can pick up corn and ground nuts."

d.      On or about December 27, 2018, NGANG transferred the title for the 1989 Toyota truck to Co-conspirator #2.

e.      On or about January 8, 2019, NGANG sent a message, via What's App, to Co-Conspirator #1 stating that "OUR NEW SUPPLY HAS SUCCESSFULLY ARRIVED DESTINATION SAFELY … WE ARE READY TO FUNISH [SIC] EACH COUNTY WITH 30 AR 15 CALIBERS."

18 U.S.C. § 371

## COUNT TWO

The United States Attorney for the District of Maryland further charges that:

1. The allegations of Count One, Paragraphs 2 and 3, are incorporated herein by reference.

2. On or about January 17, 2019, in the District of Maryland and elsewhere, the defendant,

## EDITH NGANG

did knowingly and willfully export, cause to be exported, and attempt to export from the United States to Nigeria, certain items, that is: 39 firearms of various makes, models and calibers; 45 magazines of various makes, models and calibers; and at least 39,000 rounds of ammunition of various makes, models and calibers, which were all defense articles included on the United States Munitions List, without having first obtained from the Department of State a license or written authorization for such export.

22 U.S.C. §§ 2778(b)(2) and (c)
22 C.F.R. §§ 121.1, 121.4
22 C.F.R. § 123.1
22 C.F.R.§ 127.1
22 C.F.R. § 127.3

**FORFEITURE**

The United States Attorney for the District of Maryland further charges that:

1. Upon conviction of the offenses set forth in Counts One and Two of this Information, the defendant,

**EDITH NGANG**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d), Title 18, United States Code, 981(a)(l), Title 22, United States Code, Section 401, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, or which was involved in such offenses or any property traceable to such property. The property to be forfeited includes, but is not limited to the items set forth on Exhibit 1, which is incorporated herein by reference.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without

difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States

Code, Section 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)
21 U.S.C. § 853
22 U.S.C. § 401
28 U.S.C. § 2461(c)
Rule 32.2, F.R.Crim.P.

*Jonathan F. Lenzner/kog*
Jonathan F. Lenzner
  Acting United States Attorney

June 1, 2021
Date